COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-215-CR
        
2-04-216-CR
        2-04-217-CR
 
 
TOMMY 
J. HAYES                                                                 APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Tommy J. Hayes appeals the trial court’s denials of his requests for DNA 
testing.  Appellant pleaded guilty to attempted aggravated sexual assault 
with a deadly weapon and to two offenses of aggravated sexual assault of a 
person over sixty-five years of age.  The trial court sentenced Appellant 
to fifteen years’ confinement on the attempted aggravated sexual assault 
conviction and forty-five years’ confinement for each aggravated sexual 
assault conviction, with all sentences to be served concurrently.  
Appellant then filed motions requesting post-conviction DNA testing in each case 
on October 29, 2001, alleging that his court-appointed trial attorney took 
advantage of him by saying that he would get the maximum sentence if he did not 
plead guilty and that the attorney did not consider challenging the biological 
evidence in these cases.
        In 
denying DNA testing for the attempted sexual assault case, the trial court found 
that Appellant confessed that he used a box cutter while attempting to sexually 
assault the victim.  Furthermore, in denying DNA testing for the two sexual 
assault cases, the trial court found that Appellant confessed in each case that 
he sexually assaulted the victim.  Indeed, the records contain signed 
written confessions in which Appellant admitted committing the crimes.  
Based on these facts, the trial court held that identity was not an issue in 
Appellant’s cases and denied the motions for DNA testing.
        The 
version of article 64.03(a) of the Code of Criminal Procedure in effect at the 
time Appellant filed his motions for DNA testing set forth requirements that 
must be satisfied before a convicting court can order forensic DNA testing.  
See Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. 
Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a) 
(Vernon Supp. 2004-05)).  Included in these requirements is a finding that 
identity was or is an issue in the case.  Id.  If the defendant 
pleaded guilty, the court is prohibited from finding that identity was not an 
issue in the case solely on the basis of the guilty plea. Tex. Code Crim. Proc. Ann. art. 
64.03(b).  On appeal, Appellant complains that the trial court improperly 
considered his guilt in denying his request for DNA testing.
        Although 
the Texas Court of Criminal Appeals has held that identity is not at issue when 
a defendant confesses to the crime, see Bell v. State, 90 S.W.3d 
301, 308 (Tex. Crim. App. 2002), Appellant contends that Bell is 
incorrect because its holding expressly contradicts article 64.03(b)’s 
prohibition against finding that identity is not an issue solely on the basis of 
a guilty plea.  But Bell’s holding was based on the defendant’s confession, 
not his guilty plea.  See id. ("Appellant confessed to the 
murder. His identity was not at issue.").  A confession is not the 
same as a guilty plea; a defendant could confess to committing a crime but still 
plead not guilty to the charges.  See, e.g., Fierro v. State, 
706 S.W.2d 310, 312-13 (Tex. Crim. App. 1986).  Therefore, Bell does 
not run afoul of the statute’s prohibition against basing a finding on the 
identity issue solely on the defendant’s guilty plea.  See Tex. Code Crim. Proc. Ann. art. 
64.03(b).  Accordingly, because Appellant confessed to both sexual assaults 
and the attempted sexual assault and furthermore admitted to being with the 
victims at the time of the crimes,[2] identity was not 
an issue in this case.  The trial court’s findings of fact make clear 
that the trial court based its denial on Appellant’s confessions, not on his 
guilty pleas.
        Applying 
the appropriate standard of review,[3] we hold that 
the trial court did not err in denying the requests for DNA testing.  See 
Bell, 90 S.W.3d at 308; Morris, 110 S.W.3d at 103.  We overrule 
Appellant’s sole point and affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM
  
 
PANEL 
F:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
  
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 9, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Morris v. State, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. 
ref’d) (holding that identity is not an issue when a defendant has admitted 
that he was with the victim at the time of the assault).
3.  
See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).